**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SUKHBIR SINGH GUJRAL,** | | |
| | * | |
| **Petitioner,** | | |
| | * | |
| **v.** | * | **Civ. No. DLB-26-656** |
| | | |
| **VERNON LIGGINS,** *et al.*, | * | |
| | | |
| **Respondents.** | * | |

**MEMORANDUM OPINION AND ORDER**

Sukhbir Singh Gujral is a citizen of India who entered the United States in 2024 without inspection and has sought asylum in this country. ECF 1, ¶¶ 15, 43. On February 17, 2026, Gujral was arrested by Immigration and Customs Enforcement ("ICE"). ECF 8, at 2. At the time he was arrested, he was the primary breadwinner for his family. ECF 1, ¶ 45.

On the day of his arrest, Gujral filed a petition for a writ of habeas corpus asking for a bond hearing pursuant to 8 U.S.C. § 1226 or immediate release from ICE custody. ECF 1. On February 19, the Court granted the petition in part, requiring a bond hearing before an immigration judge that complied "in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to those provisions." ECF 5, at 3.

On February 27, Gujral had a bond hearing in Hyattsville, Maryland, before Immigration Judge Thanos Kanellakos. ECF 6-2.[1] At the hearing, the immigration judge found Gujral did not pose a risk of danger to the community because Gujral has no criminal history. ECF 14 (recording of bond hearing), at 10:02–17. The judge then considered flight risk factors. The judge began by acknowledging factors that showed Gujral is *not* a flight risk: Gujral has a stable residence, the

---

[1] At the Court's request, Gujral submitted an audio recording of the bond hearing. ECF 10 & 11.

support of his family, an employment authorization card, and lawful employment. *Id.* at 10:23–57. Even so, the immigration judge found Gujral posed a risk of flight. After mentioning that Gujral had been in the United States for only 15 months, *id.* at 9:50–55, the immigration judge determined that the likelihood of success of Gujral's asylum application was "not very great," *id*. at 10:58–14:37, and that the application soon would be the subject of a meritorious motion to pretermit pursuant to an Asylum Cooperative Agreement with Uganda and Gujral would be removed to Uganda, *id.* at 14:00–05, 14:19–37. The judge cited *Matter of R-A-V-P*, 27 I. & N. Dec. 803 (BIA 2020), as authority for his ability to consider the likelihood of success of Gujral's asylum claim in determining whether Gujral was a flight risk. *Id.* at 11:03–10. With bond denied, Gujral remains in ICE custody.

On March 3, Gujral moved to enforce the Court's February 19 order because, as he sees it, the bond hearing did not comply with "governing regulations and process." ECF 6, at 1. Because of the process violations, Gujral asks this Court to release him from custody. *Id.* The respondents opposed the motion, ECF 8, and Gujral filed a reply, ECF 9. After listening to the bond hearing, the Court ordered the parties to submit supplemental briefing on whether the bond hearing complied with 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d) and with the requirements of due process set forth in *Miranda v. Garland*, 34 F.4th 338, 361–64 (4th Cir. 2022). ECF 16. The parties submitted supplemental briefing, ECF 18 & 20, and the Court held a hearing on June 22, 2026. For the following reasons, Gujral's motion to enforce the Court's February 19 Order and his request for release from custody is denied.

## I.

The Immigration and Nationality Act authorizes the Attorney General to detain a noncitizen pending the outcome of removal proceedings. *See* 8 U.S.C. § 1226. Section 1226(a) allows the

Attorney General to release noncitizens on bond or conditional parole. The discretionary decision to release a noncitizen on bond or to deny bond is unreviewable by district courts. Section 1226(e) states: "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court clarified the scope of § 1226(e)'s bar on judicial review over actions or decisions of the Attorney General. The *Jennings* Court explained that "§ 1226(e) precludes an alien from 'challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release.'" 583 U.S. at 295 (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003)) (cleaned up). But § 1226(e) "does not preclude challenges to the statutory framework that permits the alien's detention without bail." *Id.* (quoting *Demore*, 538 U.S. at 517) (cleaned up).

Following *Jennings*, the Fourth Circuit in *Miranda v. Garland* confirmed that judicial review of the "Attorney General's actions and decisions in individual proceedings" is barred by § 1226(e). 34 F.4th at 353. But "a constitutional challenge to" discretionary bond procedures that are "categorical, across-the-board [], as opposed to the application of § 1226 to specific cases, is beyond the scope of § 1226(e)." *Id.* at 352. *Miranda* involved a "categorical, across-the-board" constitutional challenge to the process required at § 1226(a) bond hearings. *Id.* at 358. Specifically, one of the petitioners argued that "the process leading to detention [was] unconstitutional because the Attorney General place[d] the burden of proof on him, adopt[ed] the preponderance of evidence standard and fail[ed] to require every immigration judge to consider either the alien's ability to pay any amount of bond assessed or alternatives to detention." *Id.* Characterizing this argument as a

3

procedural due process challenge, the Fourth Circuit applied the *Mathews v. Eldridge*, 424 U.S. 319 (1976), framework[2] and found that the challenged bond hearing procedures did not violate the due process clause. *See Miranda*, 34 F.4th at 365.

II.

Turning to this case, Gujral does not challenge the "constitutionality of the statutory framework" of 8 U.S.C. § 1226, *see Jennings*, 583 U.S. at 295, or the constitutionality of "categorical" discretionary bond hearing procedures applied "across-the-board," *see Miranda*, 34 F.4th at 352. Gujral does not argue, as the petitioner did in *Miranda*, that the immigration judge followed bond procedures adopted by the Attorney General that denied him procedural due process under *Mathews*. Gujral does not even argue that the immigration judge failed to consider the *In Re Guerra* factors, which the *Miranda* Court identified with approval as "a list of factors" immigration courts "utilize in determining whether bond is warranted and under what conditions." *See Miranda*, 34 F.4th at 362. Indeed, the immigration judge did consider those factors. *See* ECF 14, 9:50–14:37.

Instead, Gujral argues that the immigration judge's finding that it is unlikely he will obtain asylum in this country—the only ground on which the judge found he was a flight risk[3]—was a "merits prediction" that was "outcome-determinative rather than one factor among many." ECF 18, at 5. In other words, Gujral argues that the immigration judge improperly weighed one bond

---

[2] The three *Mathews* factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

[3] The immigration judge also mentioned that Gujral had been in the country only 15 months, ECF 14, at 9:50–55, but it is clear from this Court's review of the hearing that the judge found Gujral a flight risk because it was not likely he would obtain asylum relief in this country.

factor (the likelihood of obtaining asylum relief) more heavily than the others.[4] Even if that were true, weighing the relevant bond factors and denying bond after considering them are decisions within the discretion of the immigration judge. While this Court may have weighed the factors differently, it does not have jurisdiction to review the discretionary decisions made by the immigration judge during Gujral's bond hearing.

Therefore, it is this 2nd day of July, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that Gujral's motion to enforce judgment, ECF 6, IS DENIED.

This clerk is directed to CLOSE the case.

_____
Deborah L. Boardman
United States District Judge

---

[4] Gujral concedes that, under *Matter of R-A-V-P*, the immigration judge was permitted to consider the likelihood of success of his asylum petition when assessing whether Gujral was a flight risk and should remain detained. *See* ECF 18, at 5.

5